[876 NYS2d 908]

In the Matter of ANDREW J. NITZBERG, an Attorney, Resignor.

Second Department, April 28, 2009

**APPEARANCES OF COUNSEL**

*Laub & Delaney, LLP,* White Plains (*Alfred C. Laub* of counsel), for resignor.

*Gary L. Casella,* White Plains (*Gloria J. Anderson* and *Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Andrew J. Nitzberg has submitted an affidavit dated October 20, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Nitzberg was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 24, 1997.

Mr. Nitzberg avers that his resignation is submitted voluntarily, free from coercion and duress, after review with counsel, and with a full awareness of the implications of its submission. He is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based upon a complaint filed against him. The Grievance Committee's preliminary investigation revealed, inter alia, that he breached his fiduciary duty regarding the maintenance of client escrow funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). Based on the scope of the investigation, Mr. Nitzberg deems it likely that the Grievance Committee will move the Court for his interim suspension, via order to show cause pursuant to 22 NYCRR 691.4 (l) (1) (ii) and/or (iii), and seek authorization to institute and prosecute a disciplinary proceeding against him.

Mr. Nitzberg acknowledges his inability to successfully defend himself on the merits against charges predicated on the aforementioned allegations. He is aware that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Nitzberg is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Nitzberg submits that he will not take on any new clients after the date of his resignation and will wind down his current practice. He apologizes to the Court, his colleagues, the public, and his family for having placed himself in this position and for any adverse effect that his misconduct may have had on their perception of the legal system. He notes that he never intended to harm his clients and, with an understanding of his fiduciary obligations, he has deposited funds in an escrow account at Hudson Valley Bank.

The Grievance Committee supports acceptance of the proffered resignation as the most expeditious way to conclude this

matter in order to save the Court's time and expense while protecting the public.

Inasmuch as Mr. Nitzberg's resignation is in full compliance with the court rules, it is accepted, and effective immediately, Andrew J. Nitzberg is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the resignation of Andrew J. Nitzberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew J. Nitzberg is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew J. Nitzberg shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew J. Nitzberg is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Andrew J. Nitzberg has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).